### In re COMMISSIONERS OF CIRCUIT COURT.

(Circuit Court, W. D. North Carolina. December 29, 1894.)

1. UNITED STATES COMMISSIONERS—REMOVAL.

While commissioners of the circuit court have no fixed tenure of office, and the appointing court has power to remove them at pleasure, the exercise of this power should be governed by a sound legal discretion, and, if there are charges against a commissioner, full opportunity should be given him for a hearing.

2. SAME.

A district attorney made an application for the removal of all the commissioners of the circuit court within the district, with a view to a reorganization of that body of officers, alleging as grounds a waste of public money by institution of frequent trivial prosecutions, multiplication of proceedings to increase fees, and other similar misconduct, generally prevailing among them. It appeared that some abuses existed, but that these were not wholly the fault of the commissioners, and were not intolerable. *Held*, that the court would deny the motion for general removal of all commissioners, without prejudice to proceedings by the district attorney to remove any particular commissioner for sufficient cause.

This was a motion made by the district attorney for the removal of all the commissioners of the circuit court within the Western district of North Carolina.

Robert B. Glenn, U. S. Atty., for the motion.

DICK, District Judge. The motion which I am called upon to consider and determine was made in the circuit court at Asheville at last November term, and was continued for final hearing at this term of the circuit court at Charlotte. The motion is for the removal from office all the commissioners of the circuit court in this district, with a view to the reorganization of that body of public officers so as to remedy many existing evils, and insure a more cautious, prudent, economical, and rightful discharge of important official duties in the administration of justice. From the argument of the district attorney in open court, and from frequent conferences with him, I understand his reasons and views in support of his motion to be as follows:

First. In many counties there are two or more commissioners of the circuit court, and long experience has shown that their concurrent jurisdiction

in the same locality has caused an unseemly rivalry in business between such officers, which has resulted in many improper warrants and frivolous prosecutions, causing enormous and unnecessary costs to the government. Second. That frequent examinations of the written proceedings of many of the commissioners, returned to court, have clearly shown that they are too eager to make per diems and fees, and are otherwise not qualified to discharge, with correctness, efficiency, and justice, the important duties of their responsible position. Third. That for several of the past terms of the district courts the dockets and trials show that numerous trivial and frivolous prosecutions have been returned by commissioners to court, which would not have been instituted if they had exercised an intelligent, wise, and judicious discretion in the examination of evidence and the issuing of warrants. Fourth. That an application for a rule of court upon individual commissioners to show cause why they should not be removed from office would consume much of the time of the court, cause much expense and delay, and would fail to accomplish the objects of the pending motion in affording a speedy and effectual remedy for the evils existing in the present condition of affairs; and that the granting of this motion for general removal would not unjustly and injuriously reflect upon the personal character of the commissioners, as the expressed purpose of the motion is not intended as a special censure and condemnation of any person, but the manifest object is to make with facility a new and better arrangement, that will insure the fair, just, and efficient enforcement of the law, prevent trivial and frivolous prosecutions in the courts, save enormous costs to the government, and protect many citizens from unjust vexation, inconvenience, and expense.

In making this motion the district attorney referred to and relied upon, as a precedent, the action of this court 20 years ago in making a general order removing all the commissioners of the district, and directing new commissions to be issued to all of the old commissioners whose previous conduct had shown them to be competent, judicious, and efficient in the discharge of their official duties. When this motion was first made, it was readily entertained by the court, as the proceedings in all the district courts of this district showed probable and reasonable grounds of complaint against many of the commissioners for the number of trivial and frivolous cases which they had returned for investigation before the grand jury and for trial in court. Upon subsequent examination of the written testimony of witnesses, sent up by the commissioners, it appeared that many of the cases that seemed to be trivial and frivolous on the trial before the jury were made so by the witnesses giving testimony widely different from that which they had given before the commissioner on the preliminary investigation. From observation in the courts, and from information received from the district attorney and many other reliable sources, I am satisfied that some commissioners have been too ready and willing in issuing warrants upon the application of deputy marshals who had been eager and diligent in hunting up petty cases founded upon information derived from professional neighborhood witnesses. In most of such cases the defendants were guilty of a violation of law, but the offenses were too petty to require prosecution, and the selfish or malicious motives of the informants were too clearly manifest to receive encouragement from the officers of justice. Those petty crimes of illicitly retailing spirituous liquors are so numerous in many sections of the country that if a general indictment of all the residents were allowable, and the existing proof could be obtained, three-fourths would be found

guilty. As long as the manufacture and traffic of spirituous liquors are allowed by law upon the payment of revenue taxes, there will be illicit manufacture and sale to evade such taxes, and secretly and cheaply gratify the strong appetites of men for drink; and many sections of the country, by night and by day, on week days and Sundays, will be infested with secret dealers and purchasers engaged in concealing, removing, selling, and consuming blockade liquor, to the great detriment of the community. No reasonable number of the most diligent and faithful revenue officers and deputy marshals could prevent such illicit traffic, or bring to justice one-fourth of the offenders. The prosecutions of illicit retailers in the United States courts result in no substantial moral and social benefits to communities, and the expenses of the government are a hundred fold more than the special taxes received from legitimate dealers, who alone can derive protection and profit from a strict and diligent enforcement of the law against illicit dealers. It is thus clearly apparent that such prosecutions greatly diminish, rather than increase, the revenues of the government; and I am strongly of the opinion that all questions of morals and good order in society involved in the illicit traffic in liquors are not contemplated in national revenue laws, and should be regulated by state laws, to be enforced in the state courts. I am of opinion that the evil of numerous and petty prosecutions which have recently crowded the dockets of the court will be greatly checked, if not entirely prevented, by the rule of court, made at last Asheville term, prohibiting commissioners from issuing warrants for illicit retailing of liquors until they submit in writing the evidence in each case to the district attorney, and receive his order and direction to institute proceedings.

If I was of opinion that I had the judicial power, I would readily make a rule of court prohibiting commissioners from issuing warrants against any retail dealer, unless he carries on the business of a "retail liquor dealer" in violation of the express provision of section 3242, Rev. St. U. S. The evident purpose of that statute when enacted was to prohibit persons who had not paid a special tax from engaging, in the usual manner, in the regular business of retail liquor dealing. But a subsequent statute (section 3244) enlarges the provision of the previous statute, and includes "every person who sells or offers for sale" spirituous liquors in less quantities than five wine gallons at the same time. The remedy for preventing numerous and petty prosecutions under this statute must be provided by congress, and not by courts that are required to observe and enforce existing laws. With the views which I now entertain, and under present circumstances, I will not follow the precedent of this court referred to by the district attorney. The condition of affairs at that time was far worse than it is now, and no such sweeping and extreme remedy is now required. When that ruling of the court was made, I was reliably informed that some of the United States judges in other districts had peremptorily removed many commissioners without issuing against them formal rules to show cause why they should not be removed from office. I am also informed that there are some

eminent lawyers who are now of opinion that United States judges, who are authorized to appoint commissioners of the circuit courts without any definite term of office, can remove them at pleasure, and may often do so properly without affording them any opportunity of explanation and defense, upon the ground that the best interests of the public service require prompt action. After careful thought and examination of authorities, I entertain different views as to judicial power and duty, as will be shown in a subsequent part of this opinion.

The removal of the present commissioners, and new appointments, will not remedy the evils complained of, so long as there are numerous and active deputy marshals in each county eagerly seeking out willing witnesses, hunting up cases, and making constant and urgent applications to commissioners to issue warrants. A large majority of the present commissioners are men of high personal character, and in most instances were appointed upon the application of the best citizens and the recommendation of district attorneys, and they have honestly exercised the powers conferred upon them by law, in accordance with the best opinion which they could form from the evidence and the circumstances of the cases before them. Were I to allow the present motion, and remove such commissioners from office, it would certainly be the exercise of an arbitrary power, depriving them of vested rights, and condemning their official acts without affording them an oportunity of explanation and defense, contrary to the principles of natural justice and the general practice of the courts of this country and of England. Ex parte Robinson, 19 Wall. 505, and numerous other cases in state and federal courts. In Re Eaves, 30 Fed. 21, this court heard able and elaborate arguments upon the legal questions now under consideration, and used the following language in the opinion delivered in that case:

"Commissioners of the circuit court are officers appointed by the court, and authorized by law to exercise important judicial and ministerial functions in aid of the circuit and district courts in the administration of justice. They are appointed by the circuit court, but their powers are expressly conferred upon them by law, and they are not strictly officers of such courts, and subject to their supervisory control. Spear, Fed. Jud. 377, and cases cited. In this district rules of court have been formulated and adopted for the guidance and assistance of commissioners in the performance of their difficult and important duties, but do not interfere with the exercise of their judicial discretion in hearing cases before them. No special mode of procedure for removal has been prescribed by statute, and the precedents of the common law may properly be followed. Any mode of procedure would accomplish the ends of justice, if the respondent has reasonable notice of the charges against him, and is afforded full opportunity for explanation and defense. While the appointing court has the power to remove commissioners at pleasure, such discretion should be a sound and legal one, and such power should never be capriciously or arbitrarily exercised. Commissioners can materially assist the court in the administration of public justice, and by long experience they become more familiar with the forms of legal procedure, and more discreet and efficient in the performance of their important official duties. As no tenure of office is defined by law, they may well presume that they will be retained so long as they are discreet and efficient, and conduct themselves with propriety. It is all important to good government and the public interests that an officer who exercises important judicial functions should be free in thought and independent in judgment when he acts in the administration of

justice and the enforcement of the law. The course of justice would be impeded, and the efficiency of the commissioner would be greatly impaired, if his freedom of action was restrained by continual apprehensions of removal from office on account of honest official mistakes and errors of judgment, or by judicial caprice, or by the clamor of individuals excited by personal prejudices and hostility. As a security for the independence and impartiality of judicial officers, there is a general rule—of great antiquity in the common law, and now fully recognized and observed in every enlightened system of jurisprudence—that renders judges of courts of general and superior jurisdiction exempt from liability to civil actions and indictments for their judicial acts, and affords the same immunity to judicial officers of limited and inferior authority, when they act within the scope of their jurisdiction, with integrity and without malice or corruption."

Randall v. Brigham, 7 Wall. 523; Bradley v. Fisher, 13 Wall. 335.

There is much force in the argument of the district attorney as to the inexpediency of having two or more commissioners in the same county. They were appointed for the convenience of the people, and for the speedy and economical enforcement of the criminal law. By rules of court they are restricted in the performance of their official duties to the county in which they reside. In some instances their intercourse has not been friendly and harmonious, and their diverse interests in making fees have induced unseemly efforts in hunting up cases, and thus given rise to many petty and frivolous prosecutions. Where both commissioners are alike blamable, there is sufficient cause for the court to promptly remove both from office. But a competent and faithful commissioner should not be removed when he has in no way participated in the misconduct of his unworthy associate. The principles of common justice require that he should be fairly heard by the court before his official conduct is condemned by a peremptory removal from office. For the reasons above stated, the pending motion is disallowed, but this action of the court is by no means intended to prevent or discourage the district attorney from making application for the removal of any one or more of the commissioners for corruption, incompetency, inefficiency, bad moral character, want of public respect, or any other sufficient cause of removal.

(January 5, 1895.)

SIMONTON, Circuit Judge (concurring). Concurring in the order of the district judge in this case, it may be well that I should add a word or two. The law authorizing the appointment of commissioners of the circuit court is found in section 627 of the Revised Statutes of the United States:

"Each circuit court may appoint, in different parts of the district for which it is held, so many discreet persons as it may deem necessary who shall be called 'commissioners of the circuit courts,' and shall exercise the powers which are or may be expressly conferred by law upon commissioners of circuit courts."

The power of appointment is wholly with the court, and it can appoint so many discreet persons as it may deem necessary. There is no fixed tenure of the office. "It is held at the will of the appointing power and the incumbent, and the former may remove the latter at pleasure." Ex parte Hennen, 13 Pet. 230; U. S. v. Avery, Deady,

204, Fed. Cas. No. 14,481. Such is the general rule. But in the exercise of this power of removal courts should not be governed by caprice, but should exercise a sound legal discretion, removing the officer for cause. Commissioners are officers of the court, clothed with large powers and grave responsibilities. Necessarily, they are exposed, from the nature of their duties, to hostile criticism, and they are entitled to the support of the court. Above all, they should be assured that the faithful performance of duty will be recognized and rewarded by continuance in office. This assurance cannot be given if there be sudden and capricious removal without reasons. So, if there be charges against a commissioner, full opportunity should be given him for a hearing; otherwise faithfulness in office may lead to private attacks on him and his removal. See In re Eaves, 30 Fed. 21. Indeed, as the learned judge who presides over this district, in his well-considered and instructive opinion in the case just quoted, has given the views of the court on this question, every commissioner in this Western district has the right to expect support if he conducts himself faithfully, and full notice of any charge to the contrary.